889 F.2d 1100
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James E. BAKER, Petitioner,
v.
VETERANS ADMINISTRATION, Respondent.
 No. 89-3282.
 United States Court of Appeals, Federal Circuit.
 Oct. 11, 1989.
 
 Before MARKEY, Chief Judge, and ARCHER and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 James E. Baker appeals from the decision of the Merit Systems Protection Board (Board), Docket No. AT07528710750, dated April 7, 1989, affirming his removal from the Veterans Administration for unsatisfactory performance, absence without leave, insubordination, and insolent behavior. We affirm-in-part, vacate-in-part, and remand.
 
 OPINION
 
 2
 We must affirm the decision of the Board unless we conclude that its decision was (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 3
 With regard to the charges of absence without leave, insubordination, and insolent behavior, we have reviewed the record and the arguments made by Baker in his brief, but are unpersuaded of any reversible error in the Board's decision. Accordingly, with respect to these charges, the Board's decision is affirmed.
 
 
 4
 The Board's decision concerning the charge of unsatisfactory performance is vacated and remanded for consideration of Baker's SF 50B form. The content of this form seems to be in conflict with testimony of Baker's supervisor regarding the agency's charge of unsatisfactory performance. Baker alleges that the form was unavailable to him through no fault of his own at the time of the hearing before the Administrative Judge. Dates and notations on the form appear to provide some corroboration of Baker's claim that the form was missing from his file. If Baker's allegations are correct, the SF 50B form should have been considered by the Board in determining whether the agency's charge of unsatisfactory performance should be sustained.
 
 
 5
 On remand the Board should determine if Baker did not have access to the form at the time of the hearing through no fault of his own. If he did not, the Board should reconsider the agency's charge of unsatisfactory performance and the propriety of the agency's action in removing Baker, in the light of the content of the SF 50B form.
 
 COSTS
 
 6
 Each party shall bear its own costs.